UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ANTHONY D. THOMAS,

    Petitioner,

    v.                               CAUSE NO. 3:25-CV-1068-CCB-SJF

WARDEN,

    Respondent.

## OPINION AND ORDER

Anthony D. Thomas, a prisoner without a lawyer, filed a habeas corpus petition to challenge his conviction for sexual misconduct with a minor under Case No. 02D06-1608-F4-52.[1] Following a guilty plea, on December 9, 2016, the Allen Superior Court sentenced him as a repeat sexual offender to eighteen years of incarceration. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

In the petition, Thomas argues that he is entitled to habeas relief because trial counsel failed to inform him of a plea offer. However, review of the electronic docket for the State courts strongly suggests that the petition is untimely. The statute of limitations for habeas petitions states as follows:

---

[1] Pursuant to Fed. R. Evid. 201, the court takes judicial notice of the electronic dockets for the Indiana courts, which are available at https://public.courts.in.gov/mycase/.

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Based on review of the petition, the date on which the judgment became final is the applicable starting point for calculating timeliness. Thomas was sentenced on December 9, 2016, and his direct appeal culminated in the Indiana Supreme Court's denial of transfer on August 15, 2017. Therefore, his conviction became final for purposes of 28 U.S.C. § 2244(d)(1)(A) when the time for petitioning the Supreme Court of the United States for a writ of certiorari expired on November 13, 2017. *See* U.S. Sup. Ct. R. 13(1) (petition for writs of certiorari must filed within 90 days after entry of

judgment); *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009) (when a State prisoner does not petition the Supreme Court of the United States on direct appeal, his conviction becomes final when the time for filing a petition expires). Three hundred four days later, on September 13, 2018, Thomas filed a State petition for post-conviction relief, which tolled the limitations period until the Allen Superior Court dismissed the petition on July 13, 2020. The federal limitations period expired sixty-one days later on September 14, 2020. Thomas filed the habeas petition initiating this case on December 12, 2025. ECF 1 at 4. Because it appears that Thomas filed the habeas petition more than five years too late, it also appears that the petition is untimely.

Notably, Thomas asserts that his claim is based on newly discovered evidence, which might suggest that Section 2244(d)(1)(D) rather than Section 2244(d)(1)(A) is the operative timeliness provision and that the limitations period should run from "the date of which the factual predicate of the claim . . . presented could have been discovered through the exercise of due diligence." However, Thomas does not describe how or when he discovered this plea offer, nor does he explain why he could not have discovered it earlier through due diligence, by, for example, asking the prosecutor or trial counsel. Consequently, it does not appear that Section 2244(d)(1)(D) is the operative provision or that it would render Thomas' habeas claim timely.

Based on the foregoing, the court is inclined to dismiss the petition as untimely. Nevertheless, in an abundance of caution, the court will allow Thomas an opportunity to address the timeliness concerns before deciding whether to dismiss the petition pursuant to Section 2254 Habeas Corpus Rule 4. *See Walker v. Cromwell*, 140 F.4th 878,

884 (7th Cir. 2025) ("[D]istrict courts may consider *sua sponte* the timeliness of a habeas petition but only after giving both parties "fair notice and an opportunity to present their positions.").

As a final matter, the court observes that Thomas has not resolved his filing fee status. To proceed with this case, Thomas must either pay the filing fee in full or file a motion for leave to proceed in forma pauperis with his prison account summary for the last six months attached.

For these reasons, the court:

(1) **ORDERS** Anthony D. Thomas to file a response to this Order on whether the petition is untimely by February 23, 2026;

(2) **ORDERS** Anthony D. Thomas to resolve his filing fee status by February 23, 2026; and

(3) **CAUTIONS** Anthony D. Thomas, that, if he does not respond by that deadline, this case will be dismissed without further notice.

SO ORDERED on January 27, 2026.

        /s/*Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT