UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ANTHONY D. THOMAS,

Petitioner,

v.

WARDEN,

Respondent.

CAUSE NO. 3:25-CV-1068-CCB-SJF

## **OPINION AND ORDER**

Anthony D. Thomas, a prisoner without a lawyer, filed a habeas corpus petition to challenge his conviction for sexual misconduct with a minor under Case No. 02D06-1608-F4-52. Following a guilty plea, on December 9, 2016, the Allen Superior Court sentenced him as a repeat sexual offender to eighteen years of incarceration. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

In the petition, Thomas argues that he is entitled to habeas relief because trial counsel failed to inform him of a plea offer. In a prior order, the court found that this claim appeared to be untimely under 28 U.S.C. § 2244(d)(1). ECF 2. The court reviewed the petition and found that the starting point for calculating timeliness was either the date the judgment became final or the date on which the factual predicate of his claim could have been discovered through due diligence. *Id.* With respect to the final judgment date, the court found that the limitations period began to run on November

13, 2017, and expired on September 14, 2020, rendering the petition five years too late.

*Id.*

With respect to the date on which the factual predicate could have been discovered through due diligence, the court reasoned as follows:

> Notably, Thomas asserts that his claim is based on newly discovered evidence, which might suggest that Section 2244(d)(1)(D) rather than Section 2244(d)(1)(A) is the operative timeliness provision and that the limitations period should run from "the date of which the factual predicate of the claim . . . presented could have been discovered through the exercise of due diligence." However, Thomas does not describe how or when he discovered this plea offer, nor does he explain why he could not have discovered it earlier through due diligence, by, for example, asking the prosecutor or trial counsel. Consequently, it does not appear that Section 2244(d)(1)(D) is the operative provision or that it would render Thomas' habeas claim timely.

*Id.* The court concluded its order by granting Thomas an opportunity to respond rather than immediately dismissing the case as untimely. *Id.*

In response, Thomas states that "[he] recently discovered [the plea offer] through his attorney-client file. Through his due diligence, Petitioner filed his post-conviction relief and successive petition for which were denied." ECF 3 at 1. Thomas' response does not adequately address the court's concerns with the timeliness analysis under Section 2244(d)(1)(D). He provides no date, month, or even year when he discovered the existence of the plea offer. Though he explains that he found the plea offer in trial counsel's client file, he does not explain how or when he obtained the client file or why he could not have obtained it sooner. He also does not address whether he had ever asked the prosecution, trial counsel, or the State court about any plea offers.

2

Moreover, merely initiating post-conviction proceedings is not enough for Thomas to demonstrate that he acted with due diligence in connection with the plea offer. Significantly, review of the electronic docket for the State courts reveals no efforts from Thomas to investigate the existence of a plea offer in his initial post-conviction proceedings, successive post-conviction proceedings, or underlying criminal proceedings. For example, the electronic docket for initial State post-conviction proceedings in Case No. 02D06-1608-F4-52 indicates that Thomas did nothing to advance his petition for post-conviction relief beyond filing it, and it was dismissed for failure to comply with a court order in July 2020 on the State's unopposed motion. Consequently, the court finds that Section 2244(d)(1)(A) is the operative timeliness provision and will dismiss this petition as untimely.

Pursuant to Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when a petition is dismissed on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, there is no basis for finding that jurists of reason would debate the correctness of this procedural ruling or whether the petition states a valid habeas claim. Therefore, the court denies Thomas a certificate of appealability.

For these reasons, the court:

(1) **DISMISSES** the petition (ECF 1) pursuant to Rule 4 of the Rules Governing Section 2254 Cases because the claims are untimely;

(2) **DENIES** Anthony D. Thomas a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11; and

(3) **DIRECTS** the clerk to close this case.

SO ORDERED on March 9, 2026.

/s/ *Cristal C. Brisco*  
CRISTAL C. BRISCO, JUDGE  
UNITED STATES DISTRICT COURT